## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SOL3, LLC<br><br>               Plaintiff,<br><br>v.<br><br>INVERSAL INC.,<br><br>NEW ERA DEALS, LLC,<br><br>MARC ROCA<br>               Defendants. | Docket No. _____<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff SOL3, LLC ("SOL3" or "Plaintiff"), by and through its undersigned counsel, for its Complaint against Defendants INVERSAL INC. ("INVERSAL"), NEW ERA DEALS, LLC ("NEW ERA DEALS"), and MARC ROCA ("ROCA") (each a "Defendant" and collectively "Defendants"), hereby alleges as follows:

## NATURE OF THE ACTION

1.    This is an action for copyright infringement under Section 501 of the Copyright Act, false designation of origin under Section 1125(a) of the Lanham Act, and Unfair Competition under 73 P.S. §§201-1, et seq. (in Pennsylvania).

2.    This action arises out of Defendants' unauthorized reproduction, creation of derivative works, and public display of copyrighted 3D rendered images owned and registered by Plaintiff as well as Defendants' misrepresentation of Plaintiff's goods as their own by using images of Plaintiff's products from Plaintiff's website on Defendants' online product listings and physical packaging.

3. Accordingly, Plaintiff seeks monetary and injunctive relief under the Copyright Act of the United States, as amended, 17 U.S.C. § 101 et seq.; and the Lanham Act, as amended, 15 U.S.C. §§ 1051 et seq.

## JURISDICTION AND VENUE

4. This claim arises under the Copyright Act, 17 U.S.C. § 101 *et seq.*, Lanham Act, 15 U.S.C. § 1051 *et seq.* and unfair competition under Common Law, and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 (Federal Question), 1332 (Diversity and Amount in Controversy), 1367 (Supplemental Jurisdiction), and 1338(a) and (b) (Original Jurisdiction under Acts of Congress).

5. This Court has personal jurisdiction over Defendants because Defendants transact business in or through the Commonwealth of Pennsylvania, at least: through their e-commerce website at www.diagonalone.com ("Defendants' Website"); and through distributors or retailers such as Amazon and through Amazon's website www.amazon.com ("Amazon").

6. Defendants engage, as such, in a persistent course of conduct in this District and expect, or should reasonably expect, their acts to have legal consequences in this District.

7. Through Defendants' Website, Defendants directly offer for sale products that are the subject of this action and offer delivery of such products directly to purchasers in the Commonwealth of Pennsylvania, purposefully intending that such sales and deliveries be made to the purchasers in the Commonwealth.

8. On information and belief, Defendants' transacting of business in the Commonwealth of Pennsylvania by the offer for sale, sale and/or delivery of products to consumers in the Commonwealth is and has been continuous, including but not limited to by way of Defendants' Website.

9.      Venue is proper in this District pursuant to 28 U.S.C. § 1391.

## THE PARTIES

10.      SOL3 is a Pennsylvania limited liability company with an address at 45 East City Avenue, Bala Cynwyd, PA 19004.

11.      Upon information and belief, Defendant INVERSAL is a Delaware corporation.

12.      Upon information and belief, Defendant INVERSAL has a mailing address at 8 The Green, Suite A, Dover, DE, 19901.

13.      Upon information and belief, Defendant NEW ERA DEALS is a Delaware limited liability company.

14.      Upon information and belief, Defendant NEW ERA DEALS has a mailing address at 8 The Green, Suite A, Dover, DE, 19901

15.      Upon information and belief, Defendant ROCA is an individual, domiciled in the Philippines.

16.      ROCA is the Chief Executive Officer of Defendant INVERSAL.

17.      Upon information and belief, INVERSAL controls Defendant NEW ERA DEALS.

18.      Upon information and belief, Defendant ROCA controls Defendant INVERSAL.

19.      Upon information and belief, Defendant ROCA controls Defendant NEW ERA DEALS via Defendant INVERSAL.

20.      Upon information and belief, one or more of Defendants does business as DIAGONAL ONE.

21.      Defendant ROCA ultimately controls DIAGONAL ONE.

22.    Defendants transact business over the Internet through at least the Internet domain www.diagonalone.com.

23.    Defendants also transact business through the advertising, sale, and/or offering for sale of goods through the e-commerce platform Amazon.com.

24.    Defendants' transacting of business through the Amazon.com e-commerce platform includes the use of an Amazon "store" accessible at least at the URL https://www.amazon.com/stores/page/403BE782-F8FD-4D61-B1BB-39AE950CEB2D.

## STATEMENT OF FACTS

25.    Plaintiff incorporates by reference each of paragraphs 1-24 above.

### SOL3 AND THE COPIED WORKS

26.    Plaintiff SOL3 sells sneaker accessories, including crease protectors, insoles, various sneaker care products, and shoelaces on its website at https://www.sol3.com (hereinafter "SOL3's Website") and Amazon® storefront at https://www.amazon.com/stores/SOL3/page/A647F371-89D7-408B-8D40-37478FA33652 (hereinafter "SOL3's Amazon Storefront").

27.    SOL3 creates, or causes to be created for its ownership, original images of the sneaker accessories it sells, which SOL3 uses on SOL3's Website, one SOL3's Amazon Storefront, and on SOL3's social media.

28.    SOL3 owns United States Copyright Registration No. VA 2-427-048 (the "'048 Registration") having an effective registration date of January 8, 2025, and titled "Product Image for SOL3 Crease Protectors".  The '048 Registration covers the rendered image of SOL3's Crease Protectors in white, reproduced here.



(hereinafter the "Copyrighted Image").  A true and correct copy of the '048 Registration, including the image comprising its deposit, is attached hereto as Exhibit A.

29.     As determined by the United States Copyright Office, the '048 Registration also covers the rendered image of SOL3's Crease Protectors in black, reproduced here.



(together with the Copyrighted Image, hereinafter the "Copyrighted Images").  A true and correct copy of the above rendered image, is attached hereto as Exhibit B.

30.     By virtue of the '048 Registration, the copyright in each of the white and black Product Image for SOL3 Crease Protectors is duly registered with the United States Copyright Office.

<u>DEFENDANTS AND THEIR UNAUTHORIZED USE OF THE WORKS</u>

31.    Upon information and belief, Defendants own and operate a website at www.diagonalone.com (hereinafter "Defendants' Website").

32.    Upon information and belief, Defendants control an Amazon® storefront at https://www.amazon.com/stores/page/403BE782-F8FD-4D61-B1BB-39AE950CEB2D (hereinafter "Defendants' Amazon Storefront").

33.    Upon information and belief, Defendants sell sneaker accessories, including crease protectors, under the brand "Diagonal One" on Defendants' Website and on Amazon.com, including through Defendants' Amazon Storefront.

34.    Defendants copied images of SOL3's products from the Internet, including each of the white and black "Product Image for SOL3 Crease Protectors" shown in Exhibit A and Exhibit B. respectively.

35.    Defendants made minor alterations to said images, such as flipping the image horizontally, cropping the image, or rotating the image.

36.    Defendants made such alterations in attempts to disguise their infringement.

37.    Defendants have made numerous unauthorized uses of the altered images such that SOL3's registered Copyrighted Images are ubiquitous throughout Defendants' digital content related to Defendants' crease protector products and are prominently featured as the main image on the physical packaging for Defendants' crease protector products.

38.    Defendants placed one or more of the altered images on Defendants' Amazon Storefront, though Defendants were not selling SOL3's products.

39.    Two examples of Defendants' use of the altered images on Defendants' Amazon Store Front are shown here:

6



40.    Defendants placed one or more of the altered images in Defendants' own product listings on Amazon, though Defendants were not selling SOL3's products.

41.    Two examples of Defendants' use of the altered images are shown here in screenshots from Amazon.com:



42.     Defendants placed one or more of the altered images in Defendants' own product listings on Defendants' Website, though Defendants were not selling SOL3's products

43.     Defendants placed the altered image on Defendants' product packaging, though the packaging did not contain SOL3's products.

44.     One example of Defendants' use of the altered images on Defendants' product packaging is shown here:



45.    The images Defendants copied include the Copyrighted Image in white shown in Exhibit A and in black shown in Exhibit B.

46.    At no time did SOL3 give Defendants permission or other authorization to use any images owned by SOL3, including those from SOL3's Website, or the Copyrighted Images.

<u>TAKEDOWN AND INTERACTION OF THE PARTIES</u>

47.    SOL3 became aware that Defendants were using SOL3's product images, including but not limited to the Copyrighted Images shown in white Exhibit A and black in Exhibit B, on Defendants' Amazon Storefront in association with Defendants' products and in Defendants' Amazon product listings.

48.    After learning of Defendants' unauthorized use of the Copyrighted Images, SOL3 filed two takedown notices relating to Defendants' product listings via Amazon®'s platform regarding Defendants' unauthorized copying of the images of the "Product Image for SOL3 Crease Protectors" as shown in white Exhibit A and black in Exhibit B, which Defendants used throughout

the product detail pages and on the packaging of Defendants' products having the Amazon product ASIN numbers B0C4Y7H38F and B0CKNGLRZF.

49.    The takedown notice assigned Complaint ID No. 16922581901 corresponds to the ASIN numbers B0C4Y7H38F and B0CKNGLRZF and the infringing product listings at URL https://www.amazon.com/dp/B0C4Y7H38F  and https://www.amazon.com/dp/B0CKNGLRZF.

50.    The takedown notice assigned Complaint ID No. 16917171521 corresponds to the ASIN numbers B0C4Y7H38F and B0CKNGLRZF and the infringing product listings at URL https://www.amazon.com/dp/B0C4Y7H38F and https://www.amazon.com/dp/B0CKNGLRZF.

51.    There were multiple product images in the product listings for each of ASIN B0C4Y7H38F and B0CKNGLRZF, each of which contained unauthorized use of SOL3's images.

52.    SOL3's takedown notices for ASIN B0C4Y7H38F and B0CKNGLRZF included the two product images constituting the most straightforward examples of infringement.

53.    The Amazon product listing pages for ASIN B0C4Y7H38F and B0CKNGLRZF were published at least as early as October 7, 2023.

54.    On information and belief, such listings included the publication of unauthorized copies of the Copyrighted Images at all times from that date until the time of Plaintiff's takedown notice to Amazon.

55.    In response to SOL3's takedown notices, Defendants submitted to Amazon counter-notifications regarding the product listings associated with the infringement notices for ASIN B0C4Y7H38F and B0CKNGLRZF, alleging that SOL3 identified in its notices, and Amazon removed or disabled those listings, as a result of mistake or misidentification of the material to be removed or disabled.

56.     The statements in Defendants' counter-notice falsely claimed that the product listings under ASIN B0C4Y7H38F and B0CKNGLRZF did not contain unauthorized content of SOL3.

57.     On January 1, 2025, SOL3 received an email from Defendant ROCA, on behalf of Defendants, claiming that Defendants, in their product listing, had "changed the renders already to ensure they are not similar."

58.     Defendant ROCA stated in the same email "this will not happen again (*sic*) next time contact me before doing a DMCA."

59.     This statement of Defendant ROCA is an admission that the copying by Defendants of SOL3's images described herein did occur.

<u>THE PRODUCTS SOLD BY DEFENDANTS</u>

60.     At no time did SOL3 supply any product, including those products shown in Exhibit A and Exhibit B, to Defendants or any one of Defendants for the sale or offering for sale to others.

61.     Defendants' crease protector products compete directly with SOL3's crease protector products.

62.     The crease protector products sold by Defendants, whether through Defendants' Amazon Storefront, through Defendants' Website, through any individual Amazon product listing, including those under ASIN B0C4Y7H38F and B0CKNGLRZF, or through any other channel or method were not manufactured by SOL3.

63.     On information and belief, the crease protector products consumers received from Defendants as a result of any sale, directly or by intermediary, were not of the same appearance or quality as the crease protector products sold by SOL3.

64.    On information and belief, Defendants have derived hundreds of thousands or millions of dollars in revenue from the sale of crease protector products making unauthorized use of the Copyrighted Images.

65.    Therefore, Defendants falsely represented that the products shown in Defendants' online product listings were Defendants' own.

66.    Defendants falsely represented that the products shown on Defendants' product packaging were Defendants' own.

67.    Defendants misled consumers into believing that their product listings described herein were for products sold and/or manufactured by SOL3.

68.    By these misleading acts, leading to sales of Defendants' products, Defendants' have caused diminution in the sale of SOL3 products and a resulting loss in revenue to SOL3.

69.    Defendants continue to display the infringed Copyrighted Images on at least Defendants' Amazon Storefront and Defendants' Website.

70.    Therefore, upon information and belief, Defendants' infringement of the Copyrighted Images is continuous and willful.

## CLAIMS FOR RELIEF

## CLAIM 1: COUNT 1

## COPYRIGHT INFRINGEMENT OF "COPYRIGHTED IMAGES"

71.    Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-70 above.

72.     Defendants infringed the '048 Registration by reproducing and publicly displaying the registered Copyrighted Images of Plaintiff, namely the rendered image shown in white

in Exhibit A and in black in Exhibit B, such copyright duly registered as the '048 Registration, on Defendants' Amazon Storefront, in Defendants' product listings, on Defendants' product packaging, and on Defendants' Website. Defendants are not, and have never been, licensed or otherwise authorized to reproduce, publicly display, distribute and/or use the Copyrighted Images.

73.    The acts of Defendants, in each instance complained of herein, constitute infringement of Plaintiff's copyrights and exclusive rights under copyright in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

74.    Upon information and belief, the foregoing acts of infringement by Defendants have been willful, intentional, purposeful, in disregard of, and with indifference to Plaintiff's rights.

75.    Such willful, intentional, and purposeful nature of Defendants' infringement is evidenced by the quantity of Defendants' infringement.

76.    Such willful, intentional, and purposeful nature of Defendants' infringement is further evidenced by Defendants' continued infringement, even after being informed of said infringement by Plaintiff.

77.    As a direct and proximate cause of the infringements by the Defendants of Plaintiff's copyrights and exclusive rights under the copyright laws, Plaintiff is entitled to damages for Defendants' infringement of the Copyrighted Images and to receive Defendants' profits attributable to the infringement, pursuant to 17 U.S.C. § 504(b).

## CLAIM 2: COUNT 2

## FALSE DESIGNATION OF ORIGIN UNDER 15 U.S.C. § 1125

78.     Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-77 above.

79.     Defendants are liable for false designation of origin within the meaning of 15 U.S.C. § 1125(a) when Defendants misrepresented the nature, characteristics, and qualities of their goods by using Plaintiff's images shown in Exhibits A and B, taken from Plaintiff's website or other online product listings or social media, on Defendants' own infringing listings, Defendants' Amazon Storefront, Defendants' Website, and Defendants' product packaging when Defendants were not actually selling the products of Plaintiff that were shown in the infringed images.

80.     Defendants' use of Plaintiff's product images enables Defendants to confuse or deceive the public by misrepresenting the goods offered for sale and sold on Defendants' own infringing listings, Defendants' Amazon Storefront, Defendants' Website under Plaintiff's product images, or in packaging using Plaintiff's product images, as sponsored, licensed, otherwise approved by, and/or are in some way connected or affiliated with Plaintiff.  Such conduct constitutes a false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

81.     Upon information and belief, Defendants misrepresented Plaintiff's products as their own willfully, intentionally, and in complete disregard of Plaintiff's rights.

82.     Such willful, intentional, and purposeful nature of Defendants' false advertising is evidenced by the quantity of Defendants' false advertising across multiple online platforms and on physical packaging.

14

83.      Such willful, intentional, and purposeful nature of Defendants' false advertising is evidenced by Defendants' continued use of the images even after being informed of said false advertising by Plaintiff.

## CLAIM 3: COUNT 3

## UNFAIR COMPETITION AT COMMON LAW

84.      Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-83 above.

85.       As a cause of action and ground for relief, Plaintiff alleges that Defendants have engaged in acts of unfair competition at common law.

86.      By virtue of Defendants' acts, herein pleaded, Defendants have engaged in conduct which is contrary to honest, industrial and commercial practice, and thus, have engaged in unfair competition, in violation of the common law.

87.      Defendants' acts, hereinabove pleaded, are calculated to procuring an unfair competitive advantage by misappropriating the valuable goodwill developed by Plaintiff at substantial effort and expense and represented by Plaintiff's images of its crease protector products.

88.      Defendants' acts, hereinabove pleaded, are in violation of unfair trade practices and consumer protection statutes at common law, including but not limited to 73 P.S. §§201-1, et seq. (in Pennsylvania).

89.      On information and belief, Defendants have engaged in the aforementioned acts willfully, intentionally, and in complete disregard of Plaintiff's rights.

90.      Defendants will continue to compete unfairly unless restrained by this Court.  As a result of Defendants' unfair competition and other violations of law, Plaintiff will be unable to

control the loss of the distinctive quality and reputation represented by the products sold under its brand and product names and will sustain still further damages in an amount difficult to ascertain.

## CLAIM 4: COUNT 5
## PENNSYLVANIA COMMON LAW UNFAIR COMPETITION

91.     Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-90 above.

92.     Defendants' acts, hereinabove pleaded, are in violation of the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P.S. §§201-1, et seq.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that:

1.     The Court enter a judgment declaring that:

   a.   Each of Defendants INVERSAL, NEW ERA DEALS, and ROCA infringed upon Plaintiff's copyrights in the '048 Registration by Count 1, in violation of 17 U.S.C §§ 106 and 501;

   b.   Each of Defendants be adjudged to have violated Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a);

   c.   Each of Defendants has engaged in unfair competition at common law;

   d.   Defendants' acts of copyright infringement, false designation of origin, and unfair competition were undertaken willfully and knowingly; and

   e.   this case is "exceptional" pursuant to 15 U.S.C. § 1117.

2.     Defendants, in addition to each of the Defendants' agents, servants, employees, and all persons acting under their permission and authority, be preliminary and permanently enjoined and restrained from:

16

a.  Infringing, in any manner, the '048 Registration and the images that are the subject thereof;

b.  Making any use of the Amazon ASIN B0C4Y7H38F or B0CKNGLRZF, or the internet webpages relating thereto;

c.  Using any product image of SOL3 in connection with Defendants' or any Defendant's product listings on the Defendants' Website or Amazon.com, including the Diagonal One Amazon Storefront, or any other retail commerce website;

d.  Using any image of SOL3 in connection with any printed material relating to Defendants' or any Defendant's products, including but not limited to product packaging;

e.  Unfairly competing with Plaintiff in any manner whatsoever or otherwise injuring its business reputation in the manner complained of herein;

f.  Engaging in any other conduct that causes or is likely to cause confusion, mistake or misunderstanding as to the affiliation, connection, association, origin, sponsorship or approval of Defendants' goods with Plaintiff or Plaintiff's goods and business; and

g.  Engaging in assignments or transfers, formation of new entities or associations, or utilization of any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in sub-paragraphs (a) through (d) above.

3.    Pursuant to 15 U.S.C. § 1118, Defendants be ordered that all labels, signs, prints, packages, wrappers, receptacles, advertisements, electronic or computer files in the possession,

17

custody, or control of Defendants or any one of them, bearing any image created by Plaintiff be delivered up to Plaintiff and destroyed.

4.      Defendants be required, within thirty (30) days after service of judgment, to file with this Court and serve upon Plaintiff's counsel, a written report, under oath, setting forth in detail the manner in which they have complied with the Judgment.

5.      Defendants be ordered to pay to Plaintiff actual damages and Defendants' profits attributable to the infringement in connection with each act of infringement pursuant to 17 U.S.C. § 504(b);

6.      Defendant be ordered to pay to Plaintiff actual damages and Defendants' profits under 15 U.S.C. § 1117;

7.      Defendant be ordered to pay to Plaintiff costs, including a reasonable attorney's fee, pursuant to 15 U.S.C. § 1117;

8.      Plaintiff has such other and further relief as the Court may deem just and equitable.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury on all issues so triable in accordance with Federal Rule of Civil Procedure 38(b).

*<***SIGNATURE PAGE FOLLOWS***>*

18

Dated:  January 15, 2025                    **CAESAR RIVISE, PC**

                                            By: _____

                                            Douglas Panzer (PA Bar ID# 203354)
                                            Allison R. Tramontana (PA Bar ID# 329108)
                                            Leah N. George (PA Bar ID# 330790)
                                            12th Floor
                                            1635 Market Street
                                            Philadelphia, PA  19103
                                            Tel: (215) 567-2010
                                            dpanzer@crbcp.com

                                            *Attorneys for Plaintiff SOL3, LLC*